**Earl William FREEMAN,**
**Plaintiff–Appellant**

v.

**Chris CHIPREZ; Kevin Glendening;**
**City of Burlington, Iowa; Des Moines**
**County Iowa, also known as Des**
**Moines Co Iowa, Defendants–Appel-**
**lees.**

No. 13–3367.

United States Court of Appeals,
Eighth Circuit.

Submitted: Sept. 2, 2014.

Filed: Sept. 30, 2014.

Earl William Freeman, Mount Pleas-
eant, IA, pro se.

John W. Bruzek, Iowa City, IA, for
Plaintiff–Appellant.

Thomas J. Culhane, Erickson & Seder-
strom, Omaha, NE, Charles A. Blades,
David E. Schrock, Scheldrup & Blades,
Cedar Rapids, IA, for Defendants–Appel-
lees.

Before MURPHY, BOWMAN, and
BENTON, Circuit Judges.

PER CURIAM.

Earl William Freeman appeals the dis-
trict court's [1] adverse grant of summary
judgment on his 42 U.S.C. § 1983 com-
plaint. After careful de novo review, *see*
*Reed v. City of St. Charles,* 561 F.3d 788,
790 (8th Cir.2009), this court affirms.

Summary judgment was appropriate on
Freeman's excessive-force claim against
officer Chris Chiprez and deputy sheriff
Kevin Glendening, based on qualified im-
munity. *See Loch v. City of Litchfield,*
689 F.3d 961, 965 (8th Cir.2012) (official is
entitled to qualified immunity, unless evi-
dence viewed in light most favorable to
plaintiff establishes violation of constitu-
tional or statutory right, and right was
clearly established at time of violation).
Viewing the evidence in the light most
favorable to Freeman, he did not create a
genuine issue of material fact on this
claim, because a reasonable officer at the
scene could reasonably believe the officers
were at serious risk of physical harm im-
mediately before Chiprez and Glendening
used force against Freeman. *See* Fed.
R.Civ.P. 56(a); *Graham v. Connor,* 490
U.S. 386, 394–97, 109 S.Ct. 1865, 104
L.Ed.2d 443 (1989) (excessive force is ana-
lyzed under Fourth Amendment objective
reasonableness test, judged from perspec-
tive of reasonable officer on scene); *Loch,*
689 F.3d at 965–67 (affirming grant of
summary judgment because, even if plain-
tiff's motives were innocent, reasonable of-
ficer on scene could have interpreted
plaintiff's actions as resistance, and action
taken based on mistaken perception or
belief, if objectively reasonable, does not
violate Fourth Amendment); *Nance v.*
*Sammis,* 586 F.3d 604, 610 (8th Cir.2009)

1. The Honorable James E. Gritzner, Chief
Judge, United States District Court for the    Southern District of Iowa.

(use of deadly force is reasonable if officer has probable cause to believe suspect poses threat of serious physical harm to officer or others).

Chiprez was entitled to qualified immunity on Freeman's unreasonable-search claim, because the warrantless use of a global positioning system (GPS) device to track Freeman's movements in March 2010 did not violate clearly established law at the time. *See United States v. Marquez,* 605 F.3d 604, 610 (8th Cir.2010); *Davis v. Hall,* 375 F.3d 703, 711–12 (8th Cir.2004) (summary judgment based on qualified immunity is appropriate if official's actions, even if unlawful, were objectively reasonable in light of clearly established law at time; officials are not liable for bad guesses in gray areas, they are liable for transgressing bright lines).

Freeman failed to produce sufficient evidence of municipal liability on his claims against the City and the County, and summary judgment was appropriate. *See Moore v. City of Desloge,* 647 F.3d 841, 849 (8th Cir.2011) (municipal liability for failure to train or supervise attaches only if individual liability is found on underlying claim); *Mettler v. Whitledge,* 165 F.3d 1197, 1205 (8th Cir.1999) (unless plaintiff presents detailed evidence of municipality's failure to investigate or correct officer's alleged misconduct, mere existence of previous complaints does not suffice to show municipal custom of permitting or encouraging excessive force).

The judgment is affirmed.